THE ANGLO-CALIFORNIA TRUST COMPANY, Plaintiff in Error, *vs.* THE ESSANAY FILM MANUFACTURING COMPANY, Defendant in Error.

*Opinion filed December 23, 1926—Rehearing denied Feb. 8, 1927.*

EVIDENCE—*what evidence is not competent to establish set-off.* In a suit against a motion picture company for an installment of the purchase price of the interest of the plaintiff's assignor in certain pictures, the defendant, to set off against the plaintiff's claim expenditures incurred in the defense of a suit in regard to the pictures, must show the amount of the expenditures and that they were reasonable and proper, and this it cannot do by the statements of its own agents and attorneys in the litigation in which the expense was incurred.

WRIT OF ERROR to the First Division of the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. HARRY EDWARDS, Judge, presiding.

KIRKLAND, PATTERSON & FLEMING, (WEYMOUTH KIRKLAND, and ROBERT N. GOLDING, of counsel,) for plaintiff in error.

DENEEN, HEALY & LEE, (ROY MASSENA, and CLYDE Y. MORRIS, of counsel,) for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an action brought by the Anglo-California Trust Company, a corporation, the plaintiff, against the Essanay Film Manufacturing Company, a corporation, the defendant, on a contract entered into by the Essanay Company and G. M. Anderson, at one time a stockholder in that company, in which contract the Anglo-California Trust Company acquired rights by virtue of an assignment from Anderson. The defendant was engaged in the business of producing moving pictures. Spoor was president of the

corporation and owned fifty-two per cent of the stock. Anderson was a stockholder and owned forty-eight per cent of the stock. In the year 1916 Anderson sold his stock to Spoor and ceased to be a stockholder in the corporation. Anderson had a joint interest with the defendant in certain pictures known as Chaplin pictures, Anderson's interest being forty-eight per cent and the defendant's fifty-two per cent. By the contract in question Anderson sold to the defendant for $150,000, payable in installments of $25,000 each, his interest therein. The plaintiff claims that under the contract there is due and owing to it the sum of $25,000 for the last installment. The defendant filed the plea of general issue and a plea of set off. In the plea of set off the defendant alleged that it had expended in the prosecution and defense of the litigation between it and Charles Chaplin the sum of $47,881.29, and that by the terms of the contract Anderson, the assignor of the plaintiff, owed the defendant forty-eight per cent of that amount, namely, $22,973. Attached to the plea of set off is an itemized statement of the expenditures alleged to have been made by the defendant in the prosecution and defense of the litigation. The case was tried before a jury. On the trial the defendant admitted the claim of the plaintiff and relied only on the plea of set off. The jury returned a verdict in favor of the plaintiff in the sum of $3581.87. The court entered judgment on the verdict. From the judgment the plaintiff prosecuted an appeal to the Appellate Court for the First District, where the judgment was affirmed, and the record is now before this court for review on· *certiorari.*

Before the making of the contract litigation had arisen between Chaplin and the defendant concerning these pictures, and William M. Seabury, of New York, an attorney of the firm of Seabury, Massey & Lowe, had been retained by the defendant to represent it in the litigation. Seabury also represented the defendant in other matters. The contract in question contained this provision: "Also between

you and the Essanay Film Manufacturing Company that this arrangement for the purchase of these Chaplin pictures includes everything represented by your forty-eight per cent interest in said property excepting a forty-eight per cent interest in recovery or loss, together with cost and expense in the prosecution and defense of any and all suits at law now existing and of date of May 27 or previous thereto, in the Federal or State courts between Charles Chaplin and Essanay Film Manufacturing Company." Other litigation arose in Los Angeles with reference to the pictures, and in this litigation the defendant was represented by Mueller & Wright, attorneys in Los Angeles, who were engaged by Seabury. In most of the Chaplin litigation Max D. Steuer acted as associate counsel for the defendant. There is no evidence in the record from any person having personal knowledge of the subject what services were in fact rendered and what expenses were in fact incurred by Seabury, Massey & Lowe, Mueller & Wright and Steuer, and there is no evidence in the record from any person having personal knowledge of the subject that the amounts paid for such services and expenses were in fact paid for services and expenses rendered solely in the Chaplin litigation. While Spoor testified that this was his understanding, the evidence shows that he had no personal knowledge as to the details of the services rendered or expenses incurred. There is likewise no evidence in the record that the expenditures made were reasonable, necessary or proper.

The method by which the defendant proceeded to prove the expenditures was by introducing documentary evidence from the book accounts and records of the defendant relating to the Chaplin litigation and showing by oral testimony that these accounts and records were kept in the regular course of business. The documentary evidence introduced by the defendant consisted, in substance, of bills rendered to the defendant by Seabury, Massey & Lowe for legal services and disbursements, checks payable to Seabury,

Massey & Lowe, Mueller & Wright and Max D. Steuer for legal services and disbursements, duplicate remittance vouchers with annotations made thereon, and letters. It is contended by the plaintiff that the letters, statements and bills rendered by Seabury, Massey & Lowe, Mueller & Wright and Steuer to the defendant were *ex parte* hearsay statements and should not have been admitted in evidence, while it is contended by the defendant that they were admissible on the theory that Anderson, the plaintiff's assignor, and the defendant were joint adventurers, and that these documents were part of the records of the Essanay Company, one of the joint adventurers, and that they were therefore competent.

Whether or not, under the laws of this State, a corporation may engage in a joint adventure with another corporation·or with an individual is not necessary for us to decide, as at the time these letters were written and the statements and bills in most part made and sent to the defendant, and at the time the vouchers and the statements therein made were sent by the defendant, Anderson and the defendant were not engaged in a joint adventure. Defendant in its brief says: "When Mr. Anderson assigned his forty-eight per cent interest in the Chaplin pictures he assigned everything, including the right of the Essanay Film Manufacturing Company to carry on the Chaplin litigation in such a way as it saw fit." This litigation was therefore not being carried on by the defendant and Anderson as a joint adventure but was being carried on by the defendant solely, with the right to demand and receive from Anderson forty-eight per cent of the cost and expenses of the prosecution and defense of the litigation. This is not a bill in chancery to settle partnership accounts of the defendant and Anderson or to settle their accounts in a joint adventure which partakes of the nature of a partnership, but it is a claim at law in a suit in assumpsit in which the defendant seeks to recover from the plaintiff sums of money

which it claims it expended in and about the litigation. It is, in effect, a suit by the defendant against the plaintiff upon the contract to recover forty-eight per cent of the cost of the litigation, and only such evidence is admissible as would be admissible in an ordinary suit upon a contract. The statements made by the attorneys to the defendant were statements made by its own paid agents. They constituted nothing else than hearsay evidence made for the defendant by its agents. They were incompetent evidence and should not have been admitted. (*City of Chicago* v. *McKechney,* 205 Ill. 372.) The statements sent by the defendant to the attorneys were self-serving statements made to its agents and were also incompetent. In this suit, before the defendant was entitled to set off forty-eight per cent of the cost of the litigation against the plaintiff's claim, it was necessary for the defendant to prove by competent evidence what the costs and expenses in fact were and that the same were reasonable, proper and necessary, and this it could not do by the statements of its agents not under oath or by self-serving statements to its agents.

It is contended by the defendant that the plaintiff was not prejudiced by the introduction of this evidence, as the checks sent to the attorneys were admitted in evidence without objection. While the plaintiff admitted that the defendant had made these payments by check, it did not admit that these payments were made solely on account of the Chaplin litigation or that they were reasonable, necessary or proper.

The introduction in evidence of the letters, statements, bills and vouchers, with the defendant's self-serving annotations thereon, was prejudicial error, for which the judgments of the Appellate and circuit courts must be reversed and the cause remanded to the circuit court.

*Reversed and remanded.*